# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MYRON BROWN,

    Plaintiff,

vs.                                             Case No. 4:15cv474-RH/CAS

JAMES BRIGGART,

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on October 2, 2015, by filing a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Good cause having been shown, Plaintiff's motion is granted. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint alleges that on January 31, 2014, Plaintiff fell into an open manhole while walking down the street in Tallahassee. ECF No. 1 at 2. Plaintiff states that the Defendant, an attorney employed by Morgan & Morgan, came to his home to investigate his claim. Although Plaintiff's handwriting is difficult to decipher, it appears that Plaintiff is complaining that the attorney reviewed his case for over seven months before he "gave up" Plaintiff's claim "without a reason." Plaintiff states that for nearly

two years he has been seeking to recover his legal files and paperwork. *Id.* Plaintiff contends that the Defendant will not give him his legal work. Plaintiff says he took the Defendant to small claims court, but the Defendant did not show up and the judge would not make the Defendant give him his documents back. Plaintiff contends this amounts to discrimination. *Id.*

Plaintiff's claim is insufficient to proceed as a civil rights action because the Defendant is not a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Although Plaintiff has a right to his property, Plaintiff has not shown that the Defendant took action "under color of any statute, ordinance, regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981) (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970)); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978). This Defendant is a private person employed by a private business entity. Accordingly, permitting an amendment would be of no benefit and this case should be summarily dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 29, 2015.


S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**