IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MYRON BROWN,

    Plaintiff,

v.                            CASE NO. 4:15cv474-RH/CAS

JAMES BRIGGART,

    Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 4. No objections have been filed. The recommendation is for dismissal of the complaint on the court's own motion.

A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these. *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *see also Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983). Here the report and recommendation

gave the plaintiff adequate notice, and he had an opportunity to respond by filing objections.

The report and recommendation correctly concludes that the complaint should be dismissed. The complaint attempts to state a claim under 42 U.S.C. § 1983, but the complaint does not allege acts taken under color of law; the defendant is a private attorney. The complaint thus fails to state a § 1983 claim on which relief can be granted.

Recharacterizing the complaint to assert a claim arising from these facts based on some other legal theory would not help the plaintiff. A private individual can be held liable under other civil-rights statutes, including, for example, the Civil Rights Act of 1964. But the complaint does not allege a factual basis for any such claim against this defendant.

Instead, the crux of the plaintiff's complaint—that the defendant has failed to return materials belonging to the plaintiff—would, even if true, give rise to a claim only under state law, not federal law. The complaint does not allege diversity of citizenship or that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. *See* 28 U.S.C. § 1332. So even if the complaint were read liberally to assert a state-law claim, it would still have to be dismissed.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The claims of the plaintiff Myron Brown against the defendant James Briggart are dismissed with prejudice for failure to state a claim on which relief can be granted." The clerk must close the file.

SO ORDERED on December 22, 2015.

                                         s/Robert L. Hinkle
                                         United States District Judge